**Craig ASMUS, William J. Vasquez; Pacific Telesis Group Management Force Allocation Plan, and/or the Pacific Telesis Group Surplus Management Severance Plan aka MFAP; Phylyss Apel; Gloria Alas; Eldridge Aubrey; James Banks; Areleen Cas-**

of this circuit except as provided by 9th Cir. R. 36–3.

tille; Barbara Clark; John Gary Eidell Jr.; Margaret Emerick; Juanita Evans; Jeffrey E. Fulton; Camille Galyk; Norman Garcia; Gary Guardineer; Kenneth Hornback; Jerome Kahle; Rosalyn Kelsay; Jeannie M. King; Stephen H. Lawyer; Kathy Maltese; Leslie J. Mamuzich; Nancy R. Magdelano; Garvis Martin; Diane McGregor; Louise Mckay; Dottie Orcutt; Lucille Overby; Lisa Perla; Carolyn Pollard; Diane Price; Lorene Reed; Patricia Reta; Cora Riddle; Margarita Romero; Marilyn Schmitter; Denise C. Shann; Susan Sollauer; Ronald Stephenson; Kathy M. Strok; Barbara Swanson; James Swenson; Stephen Taylor; Charles Van Buren; Varol Wiederofeft; Carolyn J. Castillo; Michael F. Coyne; Donna Critzer; Diane Dixon; Irene Garcia; James E. Gillard; Emily Higuera; Tony Jones; Lonnie Keces; John Kelley; Patricia L. Kowatsch, Susan Lasken; Paulette Mamuzich; Paulette Mitchell; Frank Nuanez; Patricia Rendon; William J. Vasquez, Plaintiffs–Appellees,

v.

PACIFIC BELL; Pacific Telesis Group, Defendants–Appellants.

No. 97–16236.

D.C. No. CV–96–00067–CW/FSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1998.

Decided Jan. 10, 2001.

Before T.G. NELSON, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM [1]

On October 23, 1998, we filed a Memorandum affirming the district court's grant of summary judgment against the plaintiffs/appellees on their claims of fraud, breach of fiduciary duty, and discrimination in violation of ERISA. We held in abeyance the defendants/appellants' cross-appeal of summary judgment in favor of eight plaintiffs on their breach of contract claim, and as to that issue, certified a question to the California Supreme Court. On August 16, 2000, the California Supreme Court responded that under California law,

> An employer may terminate a written employment security policy that contains a specified condition, if the condition is one of indefinite duration and the employer makes the change after a reasonable time, on reasonable notice, and without interfering with the employees' vested benefits.

*Asmus v. Pacific Bell*, 23 Cal.4th 1, 18, 96 Cal.Rptr.2d 179, 999 P.2d 71 (Cal.2000).

The California Supreme Court's response to the certified question makes clear that Pacific Bell had the right to terminate its Management Employment Security Policy as it did. The MESP did not have a fixed period of duration; its termination was preceded by reasonable notice and did not interfere with vested employee benefits. Accordingly, the eight plaintiffs' motion for summary judgment concerning the breach of contract claim should have been denied, and the defendants' cross-motion for summary judgment should have been granted. Therefore, the

---

judgment of the district court is RE-VERSED and the case REMANDED for entry of judgment consistent with this Memorandum. Costs to appellants.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.